**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **EDWARD PEARS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION 08-0385-WS-B** |
| | ) | |
| **MOBILE COUNTY,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss (doc. 18).  The Motion, which was presumably filed pursuant to Rule 12(b)(6), Fed.R.Civ.P., although no reference to that rule appears therein, has been briefed and is ripe for disposition.

**I.      Background.**

In July 2008, plaintiff Edward Pears filed a Complaint (doc. 1) against defendants Mobile County, 13th Judicial Police Department, and James Collier, both individually and in his official capacity as Police Chief of Mobile County's 13th Judicial Police Department.  The Complaint alleges that Pears was employed for many years as a police officer by something called the "Mobile County 13th Judicial Police Department," where he had a history of making oral and written complaints of alleged racial discrimination.  According to the Complaint, Pears was discharged in January 2007 for a positive drug screening based on an anesthetic he had received during oral surgery several days earlier.  The Complaint alleges that defendants refused to reinstate him despite knowledge of his surgery and medication.  Based on these circumstances, Pears contends that defendants engaged in unlawful race discrimination and retaliation, and asserts claims against them under Title VII of the Civil Rights Act of 1964, as well as 42 U.S.C. §§ 1981 and 1983.  The Complaint specifically alleges that Police Chief Collier was a "joint employer" of Pears for Title VII purposes.

More than four months after filing Answers (docs. 7, 8, 9), defendants submitted a Motion to Dismiss, wherein they alleged that Pears was actually a court security officer and not

an employee of the defendants, but was instead employed by a non-party entity called "13th Judicial Circuit Court," which defendants maintain is "not a subsidiary of Mobile County." (Doc. 18, at 1-2.)  Based on these factual allegations (which contradict the well-pleaded allegations of the Complaint and which defendants do not attempt to establish via affidavits, exhibits, deposition transcripts, or any other record evidence), defendants' hodgepodge Motion urges the Court to take the following actions: (i) dismiss Pears' claims against defendant 13th Judicial Police Department because "[t]here is no such entity" (doc. 18, at 3); (ii) dismiss Pears' claims against Mobile County because that entity did not employ him; (iii) dismiss Pears' Title VII claims against defendant Collier because he was not Pears' employer; (iv) dismiss Pears' § 1983 claims against Collier for failure to satisfy the "heightened pleading" standard; (v) dismiss Pears' claims under § 1981 as to any state-actor defendants, inasmuch as § 1981 claims merge into § 1983 claims against such entities as a matter of law; and (vi) dismiss Pears' § 1983 claims against Collier because the individual-capacity claims against him are not actionable as a matter of law, while the official-capacity claims against him are confined by the Eleventh Amendment to prospective injunctive relief, and are therefore moot because Collier retired in July 2008.

Plaintiff's sole response to these varied grounds for dismissal set forth in defendants' Motion to Dismiss is to brand the Motion premature and improper because it is predicated on unsupported facts that extend beyond the scope of the pleadings.

## II.    Analysis.

Hornbook law teaches that on a motion to dismiss for failure to state a claim on which relief can be granted, "[t]he allegations in the complaint are taken as true and construed in the light most favorable to the plaintiffs."  *Rivell v. Private Health Care Systems, Inc.*, 520 F.3d 1308, 1309 (11th Cir. 2008); *see also Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) ("when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint").  Moreover, it is black-letter law that "[a] court's review on a motion to dismiss is limited to the four corners of the complaint." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) (citation and internal quotation marks omitted).  The Complaint alleges, *inter alia*, that Pears "was employed as a police officer for the Mobile County 13th Judicial Police Department" and that Collier was his joint employer.  (Complaint, at 2.)  The Court cannot look behind or discredit these factual

allegations on a Rule 12(b)(6) motion based on defense counsel's bare representation (devoid of any evidentiary support) that those facts are untrue.  For that reason, defendants' first three stated grounds for seeking dismissal of the Complaint (*i.e.*, that the 13th Judicial Police Department does not exist, that Mobile County was not his employer, and that Chief Collier was not his employer) are not well taken.[1]

With regard to the § 1983 claims against Collier in his individual capacity, Collier objects in summary fashion that the Complaint fails to comport with the heightened pleading requirements imposed by the Eleventh Circuit.  But the "heightened pleading" threshold is neither daunting nor insurmountable.  Indeed, recent binding authority teaches that, "[t]o satisfy even the heightened pleading standard for § 1983 claims, [a plaintiff] need plead only 'some factual detail' from which the court may determine whether Defendants' alleged actions violated a clearly established constitutional right."  *Amnesty Int'l, USA v. Battle*, --- F.3d ----, 2009 WL

---

[1]         Two additional points bear mentioning in this regard.  First, defendants' citation to *Lee v. Mobile County Com'n*, 954 F. Supp. 1540 (S.D. Ala. 1995), for the proposition that it has previously been definitively determined that court security officers in the Thirteenth Judicial Circuit Court are not employees of Mobile County, is misplaced.  There is no reason, and certainly no basis in the record, to assume that the legal relationship between a court security officer for the Thirteenth Judicial Circuit Court and Mobile County as of 1995 was the same as the legal relationship between "a police officer for the Mobile County 13th Judicial Police Department" and Mobile County as of 2007.  The Court will not make such a leap without some development of the record.  Second, defendants' characterization of Collier as Pears' supervisor (rather than his "joint employer") is likewise devoid of factual development.  Certainly, Title VII jurisprudence makes clear that Title VII claims must be brought against the employer and not individual employees.  *See, e.g., Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1275 n.5 (11th Cir. 2008) ("relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act.") (citation omitted); *Dearth v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006) ("a Title VII claim may be brought against only the *employer* and not against an individual employee").  But it is a factual question as to whether defendant Collier was merely Pears' supervisor (as Collier contends) or whether he was the actual employer of Pears (as the Complaint alleges).  It seems unlikely that Collier satisfies the statutory definition of employer for Title VII purposes, as he was probably just a supervisor or agent of the entity that employed Pears.  Nonetheless, it would be improper to decide the factual question of who Pears' employer(s) are at this Rule 12(b)(6) juncture, where the Complaint specifically alleges that Collier was Pears' "joint employer" for Title VII purposes and defendants proffer only a naked assertion that Pears actually was employed by nonparty 13th Judicial Circuit Court, rather than by Collier.

425050, *5-6 (11th Cir. Feb. 23, 2009) (even where "complaint is concededly sparse," heightened pleading standard is satisfied where complaint states that defendants' conduct destroyed plaintiff's rally/demonstration).  Here the Complaint alleges that the defendants staged a "random" drug test after Pears underwent oral surgery, knowing that he was likely to have prohibited substances in his system from the anesthesia, then used that bogus drug test to fire Pears because he is black and because he had complained about race discrimination on previous occasions.  While plaintiff has not exhaustively pleaded supporting facts for this claim, the Court finds, as did the Eleventh Circuit in *Amnesty* in analogous circumstances, that the Complaint is sufficiently detailed to enable Collier to assess the viability of any qualified immunity defense and, more specifically, whether his alleged actions violated a clearly established constitutional right; therefore, the Complaint satisfies the "heightened pleading" requirement and is not due to be dismissed on that basis.

With respect to defendants' legal argument that plaintiff's § 1981 claims against Mobile County, the 13th Judicial Police Department, and Collier in his official capacity merge into his § 1983 claims against those entities, Pears has offered no response whatsoever.  Defendants' position finds ample support in the case law.  *See, e.g., Rioux v. City of Atlanta, Ga.*, 520 F.3d 1269, 1273 n.3 (11th Cir. 2008) ("Section 1983 constitutes the exclusive remedy against state actors for violations of the rights contained in § 1981.") (citations and internal quotation marks omitted); *Webster v. Fulton County, Georgia*, 283 F.3d 1254, 1256 (11th Cir. 2002) ("Section 1981 is enforceable against a municipality through 42 U.S.C. § 1983.").  Given the clear authority that § 1983 provides the exclusive remedy for violations of § 1981 rights by state governmental units, and given plaintiff's failure to rebut this purely legal argument, the Motion to Dismiss is **granted** insofar as it seeks dismissal of plaintiff's separate § 1981 causes of action against Mobile County, the 13th Judicial Police Department, and Collier in his official capacity; provided, however, that nothing herein prevents Pears from pursuing a § 1981 claim against Collier in his individual capacity or from pursuing § 1983 claims against Mobile County, the 13th Judicial Police Department, or Collier in his official capacity predicated on alleged § 1981 violations by those entities.

Next, defendants assert, with no citations to authority, the remarkable premise that Pears' § 1983 claims against Collier in his individual capacity fail as a matter of law because

-4-

individual-capacity § 1983 claims are not sustainable.  (Doc. 18, at 13.)  Such a contention is meritless.  Contrary to Collier's suggestion, § 1983 individual-capacity suits are entirely commonplace and are obviously cognizable, subject of course to the affirmative defense of qualified immunity.[2]

Finally, defendants contend that the § 1983 claims against Collier in his official capacity are limited to prospective injunctive relief as a matter of law and therefore must be dismissed because Collier has retired.  Once again, defendants misapprehend applicable law, blithely assuming that the chief of the "13th Judicial Police Department" qualifies as a state official within the ambit of Eleventh Amendment immunity as to any such official-capacity claims.  This Court will neither make such assumptions nor develop Collier's legal arguments for him.  *See, e.g., Abusaid v. Hillsborough County Bd. of County Com'rs*, 405 F.3d 1298, 1314 (11th Cir. 2005) (deeming it well-established that the Eleventh Amendment does not afford protection to political subdivisions such as counties and municipalities, but is instead confined to States and state officials); *Manders v. Lee*, 338 F.3d 1304, 1308-09 (11th Cir. 2003) (setting forth and applying legal test for determining whether an individual defendant is entitled to Eleventh Amendment immunity for official-capacity § 1983 claims brought against him); *Lancaster v. Monroe County, Ala.*, 116 F.3d 1419, 1429 (11th Cir. 1997) (embarking on detailed analysis to determine whether defendant in § 1983 action qualifies as a "state official" to whom Eleventh

_____

[2]      *See, e.g., Fitzgerald v. Barnstable School Committee*, 129 S.Ct. 788, 796, 172 L.Ed.2d 582 (2009) ("The Equal Protection Clause reaches only state actors, but § 1983 equal protection claims may be brought against individuals as well as municipalities and certain other state entities."); *Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) ("On the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right."); *Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1263 (11th Cir. 2004) (setting forth six ways in which an individual may be held personally liable under § 1983); *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("When a plaintiff sues a municipal officer in the officer's individual capacity for alleged civil rights violations, the plaintiff seeks money damages directly from the individual officer."); *Wright v. El Paso County Jail*, 642 F.2d 134, 136 n.3 (5th Cir. 1981) ("If sued in his individual capacity, ... the sheriff may avoid § 1983 liability to the extent that he has available to him a qualified, good faith immunity.").  If Collier were correct, then the doctrine of qualified immunity (which applies only to certain individuals sued in their individual capacities) would be utterly superfluous, because § 1983 claims would be categorically barred against individual defendants in their individual capacities.  This is not the law.

Amendment immunity from damages would apply).

**III.    Conclusion.**

For all of the foregoing reasons, defendants' blunderbuss Motion to Dismiss (doc. 18) is **granted in part**, and **denied in part**.  The Motion is **granted** as to plaintiff's § 1981 causes of action against Mobile County, the 13th Judicial Police Department, and Collier in his official capacity, and those particular § 1981 claims are **dismissed**; provided, however, that nothing herein dismisses plaintiff's § 1981 claim against Collier in his individual capacity or the § 1983 claims against Mobile County, the 13th Judicial Police Department, or Collier in his official capacity predicated on alleged § 1981 violations by those defendants.  In all other respects, the Motion to Dismiss is **denied**.

DONE and ORDERED this 13th day of April, 2009.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE